# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

JAMES M THOMPSON,

    Appellant,

v.   Case No: 5:16-cv-555-Oc-30

REMI GUNN,

    Appellee.

## ORDER

THIS CAUSE comes before the Court on Appellee Remi Gunn's Motion to Dismiss Appeal (Doc. 8), and *pro se* Appellant James Thompson's response (Doc. 12). Having reviewed the motion, response, and Appellant's brief (Doc. 7), the Court concludes the Appellant's brief should be dismissed without prejudice.

## BACKGROUND

Appellant filed an involuntary bankruptcy petition against Appellee. The involuntary petition was dismissed, and the bankruptcy court entered a judgment against Appellant for $422,204.00 on August 15, 2016. (Doc. 3-64). The judgment was entered against Appellant based on the bankruptcy court's finding that (1) the involuntary petition was improperly filed; (2) Appellant failed to prosecute the case or appear at any hearings; (3) the judgment, which included both compensatory and punitive damages, was supported by 11 U.S.C. section 303(i); (4) Appellant failed to timely move for relief from judgment;

and (5) Appellant failed to assert any grounds justifying relief from the judgment. (Doc. 3-61). On August 29, 2016, Appellant filed a notice of appeal. (Doc. 3-2).

## DISCUSSION

Appellee argues the appeal should be dismissed because it is untimely and because Appellant failed to file a timely brief that comports with Federal Rule of Bankruptcy Procedure 8014(a). Appellant filed a response that is, well, unresponsive. Instead of addressing the timeliness of the appeal and his brief, he instead argues Appellee never responded to the allegations in his brief.[1] Given that Appellant has failed to make any meaningful response, the Court will consider Appellee's arguments on its own.

Appellee's first argument—that the appeal was untimely filed—is without merit. Rule 8002 provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment … being appealed." Fed. R. Bankr. P. 8002(a)(1). Here, Appellee states "the Notice of Appeal was filed August 31, 2016," (Doc. 8, ¶ 1), which is 16 days after the bankruptcy court entered judgment on August 15, 2016. That is incorrect. The Notice of Appeal was filed August 29, 2016, or 14 days after the judgment was entered. The Court knows this because the Notice of Appeal (Doc. 3-2) is stamped by the Clerk's office and states: "This document is deemed filed on August 29, 2016 pursuant to Local Rule 5001-2 governing after-hours filing." So Appellee's motion is denied as to the first argument since the Notice of Appeal was filed within 14 days after entry of judgment.

---

[1] That, of course, make sense since the purpose of the motion to dismiss the appeal is to address alleged procedural and substantive defects, and to have the Court rule on whether a response is necessary.

As to the second argument, though, the Court finds some merit. But first, the Court concludes the Appellant's brief (Doc. 7) was not filed untimely. Rule 8018(a) provides that the rules setting forth the time to file a brief "apply unless the district court … by order in a particular case … specifies different time limits." Fed. R. Bankr. P. 8018(a). On November 9, 2016, the Court specified that Appellant had 14 days to file an initial brief, giving Appellant until November 23, 2016 to file his brief. Appellant filed a document he labeled "Appellant's Original Brief" on November 22, 2016. As such, Appellant's brief was timely filed.

The Court agrees with Appellee, though, that this initial brief fails to comply with Rule 8014. The Court sets out the rule in its entirety for the benefit of Appellant:

> **(a) Appellant's brief**
> The appellant's brief must contain the following under appropriate headings and in the order indicated:
> **(1)** a corporate disclosure statement, if required by Rule 8012;
> **(2)** a table of contents, with page references;
> **(3)** a table of authorities--cases (alphabetically arranged), statutes, and other authorities--with references to the pages of the brief where they are cited;
> **(4)** a jurisdictional statement, including:
>     **(A)** the basis for the bankruptcy court's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
>     **(B)** the basis for the district court's or BAP's jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
>     **(C)** the filing dates establishing the timeliness of the appeal; and
>     **(D)** an assertion that the appeal is from a final judgment, order, or decree, or information establishing the district court's or BAP's jurisdiction on another basis;
> **(5)** a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;
> **(6)** a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural

> history, and identifying the rulings presented for review, with appropriate references to the record;
> **(7)** a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;
> **(8)** the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies;
> **(9)** a short conclusion stating the precise relief sought; and
> **(10)** the certificate of compliance, if required by Rule 8015(a)(7) or (b).

Fed. R. Bankr. P. 8014(a). Appellant's *pro se* status does not relieve him of his obligation to comply with procedural rules, like Rule 8014(a). *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). That said, the Court does give a liberal construction to *pro se* filings.

Even under the most liberal construction, Appellant's brief (Doc. 7) fails to have any semblance of an appropriate brief. Besides lacking the appropriate sections, it appears to argue extra-record facts regarding a subsequent bankruptcy, and alleges Appellee's counsel committed a fraud upon the bankruptcy court. What it lacks, though, is any legal argument why the judgment should be reversed.

Given that Appellant is *pro se*, the Court concludes the fairest way to address this issue is to provide him another chance to file a brief that comports with the Rules and sets forth a legal reason why the judgment should be overturned. If Appellant fails to do so, the Court could dismiss his appeal with prejudice, meaning he could lose his ability to challenge the judgment against him.

Accordingly, it is therefore ORDERED AND ADJUDGED that:

1. Appellee's Motion to Dismiss Appeal (Doc. 8) is GRANTED.

2. Appellant's brief (Doc. 7) is DISMISSED without prejudice.

3. Appellant has fourteen (14) days from the date of this Order to file a brief that complies with the bankruptcy rules, a copy of which is available at http://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-bankruptcy-procedure.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of February, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record